STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DANIEL COX, | ) |
| | ) |
|        PLAINTIFF | ) |
| | ) |
| v. | )    CIVIL NO. 2:16-cv-610-DBH |
| | ) |
| XAVIER BRIAND, | ) |
| | ) |
|        DEFENDANT | ) |

**ORDER ON PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

This is a personal injury case arising out of an automobile collision. The plaintiff filed a simple 9-paragraph complaint in state court, without quantifying his damages. The defendant removed the case to federal court based upon diversity of citizenship. Federal jurisdiction based upon diversity of citizenship requires an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332. The defendant stated in his notice of removal that "given the severity of the alleged injuries to the plaintiff's right knee, shoulder, and back, and his claim for loss of income, it is likely that the amount in controversy exceeds $75,000."[1] According to a federal statute that applies to lawsuits filed in 2012 and thereafter, see 14C Charles Alan Wright et al., Federal Practice and Procedure § 3725.1 (4th ed. 2008), removal on the basis of a jurisdictional amount first stated in the notice of removal is proper "if the district court finds, by the preponderance of the

---

[1] Those details of the injury did not appear in the complaint and the defendant did not reveal the source of the information.

evidence, that the amount in controversy exceeds" $75,000. 28 U.S.C. § 1446(c)(2)(B). The plaintiff has moved to remand the case back to state court for failure to meet the jurisdictional amount.

The only "evidence" before me on the removal/remand question is (1) the undocumented statement in the defendant's notice of removal about the severity (unranked) of the injuries; (2) the March 7 affidavit of the plaintiff's lawyer in the motion to remand that this is "a simple motor vehicle accident," that no demand has been made, and that counsel has no intention of asking for more than $75,000 (ECF No. 9); (3) the March 22 affidavit of the defendant's lawyer in opposition to the motion to remand, stating that on March 7 in a telephone conference, the plaintiff's lawyer said that upon remand the demand would be $75,000 (ECF No. 11-1); (4) the March 28 affidavit of the plaintiff's lawyer in his reply to the defendant's objection that he "stipulates that Plaintiff's damages are not in excess of $75,000, and that Plaintiff will not seek an award in excess of $75,000 if this case is remanded to State Court." (ECF No. 14).

I do not decide whether a stipulation—made after removal—to seek no more than $75,000 is grounds for remand. Compare Vradenburgh v. Wal-Mart Stores, Inc., 397 F. Supp. 2d 76, 77-78 (D. Me. 2005) (declining to treat stipulation after removal that damages are less than $75,000 as determinative, and assessing amount in controversy as of the date of removal), with Satterfield v. F.W. Webb, Inc., 334 F. Supp. 2d 1, 4 (D. Me. 2004) (stipulation limiting damages after removal may "clarify the amount in controversy rather than alter it" and thereby support remand); Raymond v. The Lane Construction Corp., 527

2

F. Supp. 2d 156, 159 (D. Me. 2007) (same). Whether the relevant date for assessing the amount in controversy is the date of removal, as <u>Vradenburgh</u> and <u>Satterfield</u> have it, or the date the complaint was filed, see <u>Evans v. Yum Brands, Inc.</u>, 326 F. Supp. 2d 214, 220-21 (D.N.H. 2004), I cannot find by the preponderance of evidence on this record that it exceeded $75,000.[2] The "evidence" provided by the defendant simply does not get there.

As a result, subject matter jurisdiction is missing and this federal court cannot proceed.[3] The motion to remand is **GRANTED**.

**SO ORDERED.**

**DATED THIS 29TH DAY OF MARCH, 2017**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] I note that the defendant treats the $75,000 demand as ipso facto satisfying the burden. But the statute requires that the amount in controversy *exceed*, not just meet, that amount.
[3] The defendant is incorrect that the motion is untimely. The 30-day limit of 28 U.S.C. § 1447(c) for a motion to remand does not apply if the defect is lack of subject matter jurisdiction.